UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CR-80052-RUIZ(s)

**UNITED STATES OF AMERICA**,

v.

**LAUREN ROSECAN,**

    Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

This matter involves the interplay between Federal Rule of Criminal Procedure 7(b) and the applicable statute of limitations under 18 U.S.C. section 3282. Defendant, Lauren Rosecan, M.D., maintains that because he never consented to prosecution by information or waived his right to an indictment as contemplated by Rule 7(b), the Government's timely filing of an information in this case is a legal nullity. But, as explained herein, Dr. Rosecan's position misstates the prohibitions contained within Rule 7(b) and is rebutted by the plain language of section 3282. Thus, the Court having carefully reviewed Defendant's Motion to Dismiss the Information with Prejudice [ECF No. 35], the Government's Response in Opposition [ECF No. 42], and Defendant's Reply [ECF No. 44], and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss the Information with Prejudice [ECF No. 35] is **DENIED** as set forth below.

## BACKGROUND

On June 26, 2020, the Government filed an information charging Dr. Rosecan with fourteen counts of health care fraud, in violation of 18 U.S.C. section 1347 (Counts 1–14), and eight counts of making false statements relating to a health care matter, in violation of 18 U.S.C.

section 1035 (Counts 15–22). *See* Information [ECF No. 1]. All charges in the information relate to allegations that Dr. Rosecan improperly diagnosed and treated his patients for choroidal melanoma, a malignant cancer or tumor of the eye. *Id.* Counts 1 through 22 provide specific dates for Dr. Rosecan's treatments and corresponding claim submissions to Medicare. *Id.* ¶¶ 29; 31. The earliest offense date alleged is April 13, 2015 and the latest offense date alleged is August 24, 2015. *Id.* Accordingly, based upon the specific dates set forth in the information, the five-year statute of limitations for the latest offense would have expired on August 24, 2020. *See* 18 U.S.C. § 3282(a) ("[N]o person shall be prosecuted . . . unless the indictment is found or the information is instituted within five years [] after such offense shall have been committed.").

On April 9, 2020, however, Dr. Rosecan—aware of the investigation prior to the filing of the information—signed a Statute of Limitations Tolling Agreement with the Government. *See* Statute of Limitations Tolling Agreement [ECF No. 42-1] ("Tolling Agreement"). Given that the date of the last specifically alleged offense was August 24, 2015, the original statute of limitations set to expire on August 24, 2020 was extended to a new expiration date of November 24, 2020 under the Tolling Agreement. *Id.* On or about May 18, 2020, prior counsel for Dr. Rosecan advised the Government that he would not consent to any further tolling agreements. *See* Resp. at 2.

After the filing of the information on June 26, 2020, Dr. Rosecan appeared on July 17, 2020 and was released on bond. *Id.* He did not waive indictment and was not arraigned at that time. *Id.* The parties attempted to reach an agreement throughout the summer and fall of 2020, but to no avail. *Id.* On January 6, 2021, Dr. Rosecan filed the instant Motion to Dismiss.[1] Further,

---

[1] Given that Dr. Rosecan seeks a ruling from this Court on his Motion to Dismiss before being arraigned, his arraignment has been reset for March 31, 2021, without objection from the Government. *See* Unopposed Motion to Continue the Arraignment [ECF No. 46]; Paperless Order [ECF No. 48].

on February 4, 2021, a federal grand jury returned a superseding indictment in this case, which is identical to the information in all material respects. *See* Superseding Indictment [ECF No. 41].

## LEGAL STANDARD

The Fifth Amendment to the United States Constitution states that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury." U.S. CONST. amend. V. A felony offense "must be prosecuted by an indictment if it is punishable: (A) by death; or (B) by imprisonment for more than one year." FED. R. CRIM. P. 7(a); *see also United States v. McIntosh*, 704 F.3d 894, 904 (11th Cir. 2013) (explaining that "an indictment is a necessary (unless waived) prerequisite to the prosecution of cases and must be filed prior to an arraignment"). However, a defendant may waive an indictment and be prosecuted by information for an offense punishable by imprisonment for more than one year "if the defendant—in open court and after being advised of the nature of the charge and of the defendant's rights—*waives prosecution by indictment*." FED. R. CRIM. P. 7(b) (emphasis added); *McIntosh*, 704 F.3d at 901 (noting a criminal defendant may waive his or her right to an indictment under Rule 7(b)).

Federal Rules of Criminal Procedure require a defendant to make a motion alleging "a defect in instituting the prosecution" by the deadline set by the court for pretrial motions. FED. R. CRIM. P. 12(b)(3)(A), (c); *United States v. Isaac Marquez*, 594 F.3d 855, 858 (11th Cir. 2010). "If a party does not meet the deadline for making a Rule 12(b)(3) motion, the motion is untimely." FED. R. CRIM. 12(c)(3); *United States v. Suescun,* 237 F.3d 1284, 1286 (11th Cir. 2001).

## ANALYSIS

Dr. Rosecan maintains that because he never consented to prosecution by information or waived his right to an indictment as contemplated by Rule 7(b), the Government cannot maintain

a valid prosecution. *See* Mot. at 4. As an initial matter, the applicable statute of limitations in this case is set forth under 18 U.S.C. section 3282:

> **(a) In general.**--Except as otherwise expressly provided by law, ***no person shall be prosecuted***, tried, or punished for any offense, not capital, unless the indictment is found ***or the information is instituted within five years*** next after such offense shall have been committed.

18 U.S.C. § 3282(a) (emphasis added). Thus, based on the Tolling Agreement, the limitations period expired for the earliest charged offense date (April 13, 2015 in Count 5) on July 14, 2020, and expired for the latest offense date (August 24, 2020 in Count 14) on November 24, 2020. *See* Information ¶¶ 29-31; Resp. at 3.[2] Given that the information was filed on June 26, 2020—well within the limitations period for all counts charged—the Government maintains the instant prosecution is timely even without a waiver of indictment. *Id.*

However, Dr. Rosecan argues that the information filed by the Government "is a legal nullity which fails to legally charge Dr. Rosecan under both the U.S. Constitution and the Federal Rules of Criminal Procedure." Mot. at 5. Specifically, he asserts that the information is defective because it was not accompanied by a waiver of indictment and was therefore insufficient to begin the prosecution within the limitations period. *Id.* at 6. This argument focuses "on the meaning of the word 'institute,' and whether the use of the term 'information' in 18 U.S.C. § 3282(a) refers to an information that attempts to charge a defendant with felonies absent a waiver of indictment." Reply at 4. In other words, does Rule 7(b) prohibit the *filing* of an information in the absence of a waiver of indictment by the defendant so as to impact the statute governing the limitation period?

---

[2] The Government's Response indicates that the earliest charged offense date is April 14, 2015; therefore, the limitations period for that offense expired on July 15, 2020. However, because the information indicates that the earliest charged offense date is April 13, 2015—not April 14, 2015—the Court has adjusted the date in this Order accordingly.

While the Eleventh Circuit does not appear to have answered this question, the Seventh Circuit, in *United States v. Burdix-Dana*, 149 F.3d 741 (7th Cir. 1998), squarely addressed the issue in a two-part inquiry:

> 1) whether filing an information with the district court is sufficient to "institute" the information as that language is used in the statute of limitations, 18 U.S.C. § 3282; and if so, 2) whether the subsequent filing of the indictment and dismissal of the information after the period of limitations had run satisfy the statute of limitations.

*Id.* at 742. Similar to the instant case, the Government in *Burdix-Dana* filed a waiverless information approximately four days before the statute of limitations expired. *Id.* About two weeks later, outside of the five-year limitations period, the government sought an indictment, which the grand jury returned for the same offense charged in the previously filed information. *Id.* The defendant moved to dismiss the indictment for having been found after the expiration of the statute of limitations, a request that the district court denied. *Id.* The defendant appealed.

Like Dr. Rosecan, the defendant in *Burdix-Dana* urged the Seventh Circuit to "equate 'institute' with the ability to proceed with a prosecution" and hold that "in a felony proceeding, an information is not 'instituted' until the defendant has waived her right to an indictment and the prosecution may proceed on the information." *Id.* The Seventh Circuit declined to adopt this position, stating as follows:

> While we recognize that the absence of a valid waiver of prosecution by indictment bars the acceptance of a guilty plea or a trial on the relevant charges, *see* Fed. R. Crim. P. 7(b), we do not believe that the absence of this waiver makes the filing of an information a nullity. Rule 7(b) does not forbid filing an information without a waiver; it simply establishes that prosecution may not proceed without a valid waiver. Rule 7(b) concerns itself with the requirements that the government must satisfy before it proceeds with a prosecution. We do not see how this rule affects the statute governing the limitation period. There is nothing in the statutory language of 18 U.S.C. § 3282 that suggests a ***prosecution*** must be instituted before the expiration of a five year period; instead the statute states that the ***information*** must be instituted. We hold that

> the filing of the information is sufficient to institute it within the meaning of 18 U.S.C. § 3282.

*Id.* (emphasis in original) (internal citation omitted); *see also United States v. Cooper*, 956 F.2d 960, 962-63 (10th Cir. 1992) ("Rule 7(b) does not prohibit the *filing* of an information in the absence of waiver of indictment by the defendant. Instead, the rule proscribes *prosecution* without a waiver. Therefore, the information could have been filed within the period of limitations, thus providing a valid basis for the prosecution.") (emphasis in original).

This Court fully adopts the logic of the Seventh Circuit in *Burdix-Dana*—because it is grounded in the plain language of section 3282. The main issue in this case is one of statutory interpretation, which mandates that the Court begin with the text at issue. *See United States v. DBB, Inc.*, 180 F.3d 1277, 1281 (11th Cir. 1999) ("The starting point for all statutory interpretation is the language of the statute itself."). And where the language of the statute is unambiguous, the inquiry ends. *United States v. St. Amour*, 886 F.3d 1009, 1013 (11th Cir. 2018) (having concluded that the "language at issue has a plain and unambiguous meaning," "we need go no further."). Here, the plain language of section 3282 only requires that the "information" be "instituted" to satisfy the statute of limitations. The terms "prosecuted" and "instituted" are not equivalent, and an information is "instituted" when it is properly filed, regardless of the defendant's waiver. *See United States v. Briscoe*, No. CR RDB-20-0139, 2020 WL 5076053, at *2 (D. Md. Aug. 26, 2020) (noting that "[f]urther prosecutorial actions—such as a trial or a plea agreement—would require waiver, as Rule 7(b) sets forth.").

Indeed, the majority of federal district courts to confront this question have reached a similar conclusion: an information is "instituted" when it is "filed with the clerk of the court" and does not require the defendant to have waived prosecution by indictment. *See, e.g., United States v. Holmes*, No. 18-cr-00258, 2020 WL 6047232, at *8 (N.D. Cal. Oct. 13, 2020); *Briscoe*, 2020

WL 5076053 at *2; *United States v. Marifat*, No. 2:17-0189 WBS, 2018 WL 1806690, at *1-2 (E.D. Cal. Apr. 17, 2018); *United States v. Stewart*, 425 F. Supp. 2d 727, 729 (E.D. Va. 2006); *United States v. Hsin-Yung*, 97 F. Supp. 2d 24, 28 (D.D.C. 2000); *United States v. Watson*, 941 F. Supp. 601, 603 (N.D. W. Va. 1996).

Dr. Rosecan relies almost exclusively on a recent Order of Dismissal issued in *United States v. B.G.G.*, Case No. 20-80063-CR-Middlebrooks [ECF No. 35-1] ("B.G.G. Order"), in support of his theory that the information in this case is invalid. However, the analysis set forth in *B.G.G.* appears to depart from a plain reading of section 3282 and instead divines the meaning of the statute through a survey of legislative history. *See B.G.G. Order* at 12-19 (reviewing the legislative and legal history of section 3282 and ultimately concluding that "after studying the legislative history of relevant statutes, I decline to conclude that the unconsented Information in this case was 'instituted' within the meaning of 3282 when the Government filed it with the Clerk of Court."). Given the plain and unambiguous text of section 3282, such a legislative exposition is unnecessary. *United States v. Noel*, 893 F.3d 1294, 1297 (11th Cir. 2018) ("[I]f the statute's language is clear, there is no need to go beyond the statute's plain language into legislative history.") (internal quotation marks omitted).

Similarly, Dr. Rosecan's reliance on *United States v. Machado*, No. CRIM.A.04-10232-RWZ, 2005 WL 2886213, at *1 (D. Mass. Nov. 3, 2005) is misplaced. In *Machado*, the court effectively rewrote section 3282, defining "prosecution" to include "institution" of a criminal action—thereby concluding that to satisfy the statutory requirement that an information be "instituted," it must be accompanied by a waiver of indictment. *Id.* at *2. Again, this Court finds a clear distinction between "prosecution" and "institution," as "institution" is properly equated with "filing." There is nothing in the statutory language of section 3282 that suggests a

"prosecution," rather than the information, must be instituted before the expiration of the 5-year period set forth by section 3282. *See Marifat*, 2018 WL 1806690 at *2.

The Court certainly shares the concern articulated in *Machado* regarding the Government's potential misuse of a waiverless information as a placeholder to indefinitely toll the statute of limitations. However, as explained above, the plain text of section 3282 does not compel the result Defendant seeks—and addressing such policy implications is a task for Congress, not the courts.

Lastly, given that the information was timely filed under section 3282, the superseding indictment is also timely filed in this case. As explained by the Eleventh Circuit, "[a] superseding indictment brought after the statute of limitations has expired is valid so long as the original indictment is still pending and was timely and the superseding indictment does not broaden or substantially amend the original charges." *United States v. Italiano*, 894 F.2d 1280, 1282 (11th Cir. 1990); *see also United States v. Farias,* 836 F.3d 1315, 1324 (11th Cir. 2016). This logic applies equally to a timely filed information just as it would to an original indictment. *See Briscoe*, 2020 WL 5076053 at *2 ("Although the rule is ordinarily applied as between superseding and original indictments, there is no reason why a subsequent indictment cannot relate back to a preceding, valid information because the two forms of charging documents are treated the same for statute of limitation purposes.") (citing 18 U.S.C. § 3282(a)). And because the charges in the superseding indictment are identical to the information, it relates back. *See id.*

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss the Information with Prejudice [ECF No. 35] is **DENIED**.[3]

---

[3] Having resolved Defendant's Motion to Dismiss through a plain reading of the statutory text under section 3282, as well as analysis of Rule 7(b), the Court need not reach the parties' arguments regarding equitable tolling in light of the ongoing pandemic. *See* Resp. at 12; Reply at 6.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 17th day of March, 2021.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**